IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES OTIS KELLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-865-GMS |
| ) | |
| PUBLIC STORAGE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff James Otis Kelley brings this action alleging he was discriminated against on the bases of race, color, sex, religion, and national origin. He appears *pro se* and on December 27, 2005, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed without prejudice, with leave to amend.

**I.   THE COMPLAINT**

The complaint is somewhat difficult to understand, but it appears that the allegations in the complaint are related to two bankruptcy proceedings filed in the U.S. Bankruptcy Court for the District of Delaware. The three named defendants are Public Storage, its District Manager, and its Director.

Kelley alleges that he arrived in Wilmington, Delaware to represent his interests in a joined bankruptcy action. Apparently, Kelley has property stored in a unit at Public Storage secured with personal locks. Kelley alleges that on October 5, 2005 the locks were cut, the State

Police were called and Kelley made a police report. He also "filed papers with the U.S. Bankruptcy Judge's [sic] on an 'interim order' daily for an easement appertenant [sic] against Public Storage". (D.I. 2, para. 9) Kelley alleges there was an agreement with Public Storage that allowed Kelley to stay at the storage unit pending return of property in default.

Kelley next alleges that the defendants discriminated against him on the basis of race, color, sex, religion, and national origin by refusing to obey the "process of easement appertenant [sic]" until the return of all his property. Kelley seeks emergency injunctive relief in the form of "stay away restraining orders" and arrest warrants issued against the U.S. Attorney's Office for the District of Delaware. He also asks that the court order Public Storage and its employees to abide by the present "easement appertenant [sic]". Kelley alleges that the Bankruptcy Court entered default and ordered the return of his property, with interest.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiff proceeds *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

It appears that Kelley seeks enforcement of an order he calls "easement appertenant" which he alleges was entered by the U. S. Bankruptcy Court for the District of Delaware. The complaint also can be construed as an appeal of bankruptcy proceedings. Yet, Kelley also frames the cause as a discrimination action.

*Pro se* plaintiffs are not held to a heightened pleading requirement when filing civil rights complaints. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)(citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). Nonetheless, the plaintiff's complaint "lack[s] enough detail to. . .serv[e] its function as a guide to discovery." *Alston v. Parker*, 363 F.3d at 253 (internal citations omitted).

As the complaint now stands, it is unclear if this court has subject matter jurisdiction over the claims raised. Kelley's description of an order for an "easement appertenant" provides absolutely no guidance. Does Kelley seek an enforcement order, or is he appealing the order? Moreover, Kelley's discrimination claim contains insufficient detail to give the defendants notice of the allegations against them. Quite simply, as currently presented, the complaint lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### IV. Injunctive Relief

Kelley moves the court for emergency injunctive relief. (D.I. 3) As with the complaint, Kelley seeks enforcement of the "easement appertenant" so that he may have "continued use of Public Storage bathroom after hours." *Id.* Also, he asks that Public Storage remain open for his use. Kelley advises the court that he is residing at a Public Storage unit until the U.S. Bankruptcy Court for the District of Delaware issues an enforcement order. Kelley moves the court to inform the Attorney General and the U.S. Attorneys for the Districts of Delaware, Brooklyn and Washington, D.C. of the criminal process pending the return of his property. Finally, Kelley seeks entrance into the unit to "perfect notices and copies" of the complaint and motion for injunctive relief.

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success in the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Continental Group, Inc. V. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). The requisite injury must be irreparable, not merely serious or substantial. *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977).

As discussed above, Kelley's complaint does not state a viable cause of action. Simply put, he has not demonstrated the likelihood of success on the merits.

### V. CONCLUSION

For the above stated reasons the court finds that the claims against the defendants are factually and legally frivolous. The court also finds that Kelley has not meet the requisites for

injunctive relief.  An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

January  4 , 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES OTIS KELLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PUBLIC STORAGE, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 05-865-GMS |

### ORDER

At Wilmington this 4th day of January, 2006, for the reasons set forth in the Memorandum issued this date;

1. Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, the case will be closed.

3. Plaintiff's Motion for Emergency Injunctive (D.I. 3) relief is DENIED.

_____
UNITED STATES DISTRICT JUDGE